MITCHELL SILBERBERG & KNUPP LLP
ADAM LEVIN (SBN 156773), axl@msk.com
STEPHEN A. ROSSI (SBN 282205), sar@msk.com
GENEVIEVE L. JAVIDZAD (SBN 336138) glj@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WARD, individually and on behalf of other persons similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>HOME BOX OFFICE, INC., a foreign corporation; COOLER WATERS PRODUCTIONS, LLC, a foreign limited liability company, and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 2:23-cv-07838<br><br>**DECLARATION OF STEPHEN ROSSI IN SUPPORT OF DEFENDANTS HOME BOX OFFICE, INC. AND COOLER WATERS PRODUCTIONS, LLC'S NOTICE OF REMOVAL**<br><br>(Federal Question Jurisdiction 28 U.S.C. §§ 1331, 1441)<br><br>(Removed from LASC Case No. 22STCV11666)<br><br>[Notice of Removal; Declaration of Evan Sherman; Notice of Related Case; Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1, and Civil Cover Sheet filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

**DECLARATION OF STEPHEN ROSSI**

15718445.1

## <u>DECLARATION OF STEPHEN ROSSI</u>

I, Stephen Rossi, declare:

1.      I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Defendants Home Box Office, Inc. ("HBO") and Cooler Waters Productions, LLC ("Cooler Waters") (collectively, "Defendants").  I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

•      Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by Plaintiff Paul Ward ("Plaintiff") in the case entitled, *Paul Ward, individually and on behalf of other persons similarly situated v. Home Box Office, Inc.; Cooler Waters Productions, LLC; and Does 1 through 50,* on May 22, 2023 in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV11666 ("State Court Action"). This document was personally served on Defendants via notice and acknowledgment of receipt on August 21, 2023.

2.      Attached hereto as **Exhibit 2** is a true and correct copy of the Summons against HBO and Cooler Waters filed by Plaintiff in the State Court Action on May 22, 2023.

3.      Attached hereto as **Exhibit 3** is a true and correct copy of the Civil Cover Sheet filed by Plaintiff in the State Court Action on May 22, 2023.

4.      Attached hereto as **Exhibit 4** are true and correct copies of all other documents filed by Plaintiff in the State Court Action on May 22, 2023, as follows: (a) Notice of Case Assignment – Unlimited Civil Case; (b) Voluntary Efficient Litigation Stipulations; (c) Alternative Dispute Resolution ("ADR") Information Packet; and (d) First Amended General Order.

5.      Attached hereto as **Exhibit 5** are true and correct copies of the State Court's Order Re: Complex Designation and Certificate of Mailing dated June 7,

2023.

6.      Attached hereto as **Exhibit 6** is a true and correct copy of the Initial Status Conference Order (Complex Cases/Class Actions) filed June 7 2023.

7.      Attached hereto as **Exhibit 7** is a true and correct copy of the Notice and Acknowledgment of Receipt, dated August 21, 2023.

8.      Attached hereto as **Exhibit 8** is a true and correct copy of the Proof of Service of the State Court's Order Re: Complex Designation and Initial Status Conference Order filed August 11, 2023.

9.      Attached hereto as **Exhibit 9** is a true and correct copy of Defendant's Notice of Appearance of Counsel for Defendants Home Box Office, Inc. and Cooler Waters Productions, LLC filed August 21, 2023.

10.      Attached hereto as **Exhibit 10** is a true and correct copy of the Notice of Related Case filed by Plaintiff in the State Court Action on August 25, 2023.

11.      Attached hereto as **Exhibit 11** is a true and correct copy of the Notice of Related Case Proof of Service filed by Plaintiff in the State Court Action on August 25, 2023.

12.      Attached hereto as **Exhibit 12** is a true and correct copy of the Joint Stipulation and Order to Continue the Initial Status Conference; Proposed Order in the State Court Action filed August 25, 2023.

13.      Attached hereto as **Exhibit 13** is a true and correct copy of the State Court's Order Re: Notice of Related Case and Certificate of Mailing dated August 30, 2023.

14.      Attached hereto as **Exhibit 14** is a true and correct copy of the State Court's Order Re: Nunc Pro Tunc and Certificate of Mailing dated August 30, 2023.

**DECLARATION OF STEPHEN ROSSI**

15.     Attached hereto as **Exhibit 15** is a true and correct copy of the Proof of Service Re: Notice and Acknowledgment of Receipt – Civil filed August 7, 2023.

16.     Attached hereto as **Exhibit 16** is a true and correct copy of the Answer filed by Defendants on September 19, 2023, in the State Court Action, and Served on Plaintiff on September 19, 2023.

17.     Attached hereto as **Exhibit 17** is a true and correct copy of the Amended Proof of Service re Answer filed by Defendants on September 19, 2023, in the State Court Action, and Served on Plaintiff on September 19, 2023.

18.     To the best of my knowledge, no "Doe" defendants have been served with the Summons and Complaint in the State Court Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of September, 2023 at Los Angeles, California.

_____
                              Stephen Rossi

# EXHIBIT 1

Exhibit 1
Page 5



1  FRANK H. KIM, State Bar No. 264609
       *fkim@kim-legal.com*
2  **KIM LEGAL, APC**
   3435 Wilshire Blvd, Suite 2700
3  Los Angeles, CA 90010
   Telephone: (323) 482-3300
4  Facsimile: (866) 652-7819

5  HELEN U. KIM, State Bar No. 260195
       *helen@helenkimlaw.com*
6  **HELEN KIM LAW, APC**
   3435 Wilshire Blvd, Suite 2700
7  Los Angeles, CA 90010
   Telephone: (323) 487-9151
8  Facsimile: (866) 652-7819

9  Attorneys for Plaintiff Paul Ward

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/22/2023 9:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

10              **SUPERIOR COURT OF CALIFORNIA**

11               **COUNTY OF LOS ANGELES**

12
**PAUL WARD**, individually and on behalf of          Case No.: 23STCV11666
13  other persons similarly situated,

14                                                     <u>CLASS ACTION</u>
                Plaintiff,
15                                                     **COMPLAINT FOR DAMAGES:**
        vs.
16                                                     1.      Failure to Pay All Premium Wages
**HOME BOX OFFICE, INC.**, a foreign                   2.      Failure to Pay All Overtime Wages
17  corporation; **COOLER WATERS**                     3.      Failure to Pay All Wages Due and
**PRODUCTIONS, LLC**, a foreign limited                        Owing On Separation;
18  liability company; and **DOES 1 through 50**,      4.      Failure to Provide Accurate Wage
    inclusive,                                                 Statements;
19                                                     5.      Unfair Business Practices [Cal. Bus.
                Defendants.                                    & Prof. Code §§ 17200]
20
21                                                     **DEMAND FOR JURY TRIAL**
22
23
24
25
26
27
28
                                  **COMPLAINT**

Exhibit 1
Page 6

Plaintiff Paul Ward ("Plaintiff") on behalf of himself, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     This is a class action lawsuit brought on behalf of Plaintiff and other similarly situated persons who work or worked as non-union background talent for Defendants, Home Box Office, Inc. and/or Cooler Waters Productions, LLC who, in addition to their base hourly rate, earned other forms of compensation not excludable under California law when calculating an employee's regular rate.  Plaintiff's claims for overtime and meal and rest period violations, inaccurate wage statement penalties, waiting time penalties, and unfair competition arise from Defendants' failure to factor these forms of non-discretionary remuneration into the calculation of the regular rate of pay for the payment of overtime (and double time) and the calculation of the regular rate of compensation for the payment of break premiums under Labor Code § 226.7 and 512. Pursuant to Code of Civil Procedure § 382, Plaintiff seeks class-wide remedies for underpayment of premium wages for meal and rest period violations, underpayment of overtime wages, waiting time penalties in the form of continuation wages for failure to timely pay employees all wages, inaccurate wage statement penalties, equitable relief, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     The Superior Court of the State of California has jurisdiction in this matter because Plaintiff is a resident in the State of California and Defendants are qualified to do business in and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

3.     This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure § 410.10.

4.     This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid overtime wages, unpaid premium wages and waiting time penalties under California Labor Code § 218.

1

**COMPLAINT**

Exhibit 1
Page 7

5.      This Court has jurisdiction over Plaintiff's and the Class Members' claims for restitution of unpaid wages and other ill-gotten benefits arising from Defendants' unlawful and/or unfair business practices under California Business & Professions Code §§ 17200 *et seq*.

6.      Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.5, because Plaintiff, and other persons similarly situated, performed work for Defendants in the County of Los Angeles, Defendants maintain offices and facilities and transact business in the County of Los Angeles, and Defendants' illegal policies and practices that are the subject of this action were applied, at least in part, to Plaintiff and other persons similarly situated in the County of Los Angeles.

**PARTIES**

7.      Plaintiff Paul Ward is a resident of Los Angeles County, California.  Plaintiff was employed by Defendants as a non-exempt non-union background actor in Los Angeles, California, on September 16, 2022.

8.      Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

9.      During Plaintiff's employment, Plaintiff worked more than 8 hours per day and as much as 10.2 hours per day. In addition, Plaintiff and other similarly situated hourly employees received various forms of non-discretionary incentive pay, including but not limited to shift differentials or lump sum payments for wet work, smoke work, hair premiums, body make-up premiums, wardrobe allowances, night premiums, among other things, that are not excludable under California law when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

10.      On information and belief, Home Box Office, Inc. is now, and at all times mentioned in this complaint, was, a foreign corporation organized and existing under the laws of the State of Delaware and is qualified to do business in California.

2
**COMPLAINT**

Exhibit 1
Page 8

11.     On information and belief, Cooler Waters Productions, LLC is now, and at all times mentioned in this complaint, was, a foreign limited liability company organized and existing under the laws of the State of Delaware and is qualified to do business in California.

12.     Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

13.     Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said defendants by said fictitious name and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

14.     All of the acts and failures to act alleged herein were duly performed by and were attributable to all Defendants, each acting as a joint employer, successor, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

15.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

16.     Defendants Home Box Office, Inc., Cooler Waters Productions, LLC and DOES 1-50 are collectively referred to herein as "Defendants," and each, a "Defendant."

3
**COMPLAINT**

Exhibit 1
Page 9

**GENERAL FACTUAL ALLEGATIONS**

17.    **Facts Related to Defendants' Calculation of Overtime Wages**: On or about September 16, 2022 and September 22, 2022, Defendants employed Plaintiff as a non-union background actor to appear in the show, "Winning Time." Defendants paid Plaintiff a base hourly rate of $16.50 per hour. On September 16, 2022, Plaintiff worked at least eight (8) hours and received a meal premium for $16.50.

18.    On September 22, 2022, Plaintiff worked at least 10.2 hours. As such, Defendants paid Plaintiff 2 hours of overtime at one and one-half time his base hourly rate (or $24.75/hour) and 0.2 hours of double time at twice his base hourly rate (or $33.00/hour).

19.    On both days, Plaintiff also earned and was promised an additional $10 for performing work that involved smoke (referred to on his paystub as "SMOKE WORK"). On September 22, 2022, Plaintiff also earned and was promised an additional $10 for getting his hair cut (referred on his paystub as "HAIR"). Each of the $10 promised payment was not based solely on the discretion of Defendants and, as such, was required to be factored into the calculation of Plaintiff's regular rate of pay for the payment of his overtime and double time wages and into the calculation of Plaintiff's regular rate of compensation for the payment of his meal period premium.

20.    Despite Defendants' promised payment of the non-discretionary "SMOKE WORK" and (as applicable) "HAIR" payment to Plaintiff, and other similarly situated hourly employees, Defendants failed to include the payment when calculating Plaintiff's and other similarly situated persons' regular rate of pay, thereby causing them to be underpaid all of their required overtime and double time wages. Instead, Defendants paid Plaintiff one and one-half times his base rate, which was not equal to one and one-half times the applicable regular rate.

21.    On information and belief, during the relevant period, Defendants have failed to factor other forms of Incentive Pay into the regular rates of pay for the payment of overtime and double time wages to persons employed as background talent.

4
**COMPLAINT**

Exhibit 1
Page 10

22.    **Facts Related to Defendants' Calculation of Meal and Rest Period Premiums**: Section 11 of the applicable Wage Orders provides: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's *regular rate of compensation* for each workday that the meal period is not provided." See, e.g., Wage Order 12-2001(11)(C), (12)(B) (same re rest periods) (emphasis added); *see also* Labor Code § 226.7(c) ("If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, …, the employer shall pay the employee one additional hour of pay at the employee's *regular rate of compensation* for each work day that the meal or rest period is not provided." (Emphasis added)).

23.    During the relevant period, Defendants paid premium wages to Plaintiff and other members of the Break Premium Class for violations of the California's meal and rest break laws. For example, because Plaintiff experienced meal period violations on September 16, 2022 due to Defendants' failure to provide him with a compliant meal period, Defendants paid her meal period premiums (reflected on her wage statement or voucher as "DINNER PENALTY" or "MEAL PENALTY") in the amount of $16.50.

24.    As with overtime, Defendants were required to factor the $10 "SMOKE WORK" payment into the calculation of Plaintiff's regular rate of compensation for the payment of his meal period premium.

25.    However, Defendants paid Plaintiff and other members of the Break Premium Class one hour of pay at the employee's base hourly rate when compensating those employees for violations of the meal and rest period requirements, including in periods when the employee earned Incentive Pay required to be factored into an employee's regular rate of compensation.

26.    On information and belief, during the relevant period, Defendants have failed to factor other forms of Incentive Pay into the regular rates of compensation for the payment of premium wages to persons employed as background talent.

5

**COMPLAINT**

Exhibit 1
Page 11

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

27.     Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and as a member of Classes defined as follows:

      a.   <u>Overtime Class</u>: All current and former non-exempt non-union employees of any Defendant employed as background talent in California who earned and were paid overtime wages on the same work day that any Defendant paid them Incentive Pay (as defined above) during the four years preceding the filing of Plaintiff's Complaint through the date Notice is mailed to the members of this Class.

      b.   <u>Break Premium Class</u>: All current and former non-exempt non-union employees of any Defendant employed as background talent in California to whom any Defendant paid premium pay pursuant to Labor Code section 226.7 or Sections 11 or 12 of the applicable Wage Orders on the same work day that any Defendant paid them Incentive Pay (as defined above) during the four years preceding the filing of Plaintiff's Complaint through the date Notice is mailed to the members of this Class.

      c.   <u>Waiting Time Penalty Class</u>: Members of the Overtime Class and members of the Break Premium Class whose employment by any Defendant ended at any time during the three years preceding the filing of Plaintiff's Complaint through the date Notice is mailed to the members of this Class.

      c.   <u>Wage Statement Class</u>: Members of the Overtime Class and members of the Break Premium Class employed by any Defendant at any time during the one-year period preceding the filing of Plaintiff's Complaint through the date Notice is mailed to the members of this Class.

6

**COMPLAINT**

Exhibit 1
Page 12

28.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

29.     **Numerosity:** Code of Civil Procedure § 382: members of the Classes are so numerous that their individual joinder is impracticable.  Plaintiff estimates that there are no less than 50 persons in each of the classes.  The precise number of Class members and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes that the number can be obtained from Defendants' records.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

30.     **Existence of Predominance of Common Questions of Fact and Law:**  Code of Civil Procedure § 382:  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions effecting only individual members of the class. These common factual and legal questions include:

      (a) Whether Defendants' failure to factor non-discretionary remuneration, such as shift differentials and other forms of compensation paid to class members, into the payment of overtime wages violated Labor Code § 510 and the applicable IWC Wage Orders;

      (b) Whether Defendants' failure to factor non-discretionary remuneration, such as shift differentials and other forms of compensation paid to class members, into the payment of premium wages for break violations violated Labor Code § 226.7(c) and the applicable IWC Wage Orders;

      (c) Whether Defendants failed to provide class members who ceased employment with Defendants all wages owed at the time of the cessation of the employee-employer relationship;

      (d) Whether Defendants committed unlawful business practices or acts within the meaning of Business & Professions Code Sects. 17200 *et seq.*;

      (e) Whether, as a consequence of Defendants' unlawful conduct, the members of the Classes are entitled to restitution, and/or equitable relief;

7
**COMPLAINT**

Exhibit 1
Page 13

(f)  Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and the class members as a whole.

31.  **Typicality:**  Plaintiff's claims are typical of the claims of the members of each Class because Plaintiff, as an hourly paid employee, was exposed to the same unlawful business practices as the members of the classes.  Plaintiff sustained the same types of injuries and losses that the class members sustained.  Plaintiff is subject to the same affirmative defenses as the members of the class.

32.  **Adequacy:**  Plaintiff will adequately and fairly protect the interests of the members of the Classes.  Plaintiff has no interest adverse to the interests of absent Class members.  Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

33.  **Superiority:**  A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY ALL PREMIUMS FOR MEAL AND REST PERIOD VIOLATIONS**

**(By Plaintiff and the Break Premium Class against Defendants)**

34.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

8

**COMPLAINT**

Exhibit 1
Page 14

35.     At all relevant times, Plaintiff and the other members of the Break Premium Class were employees of one or more Defendants covered by Labor Code Section 226.7 and the applicable Wage Orders, including Wage Order 12.

36.     Pursuant to Labor Code Section 226.7 and Wage Order 12, Plaintiff and the other members of the Break Premium Class were entitled to rest periods of at least 10 minutes for each four-hour period of work, or major fraction thereof, and one hour of additional pay (i.e., premium) for every day a required rest period was not provided.

37.     Pursuant to Labor Code Sections 226.7 and 512, and Wage Order 12, Plaintiff and the other members of the Break Premium Class were entitled to a meal period of at least 30 minutes for each workday they worked more than 5 hours in any workday, and one additional hour of pay (i.e., premium) for every day that a timely meal period was not provided.

38.     When one or more Defendants failed to allow Plaintiff and other members of the Break Premium Class to take their meal and/or rest periods in accordance with Labor Code Section 226.7 and Wage Order 12, one ore mor Defendants maintained a policy or practice of paying break premiums at amounts that only included "base hourly wages" and did not factor in Incentive Pay earned for an hour's work owed to members of the Break Premium Class as required by Labor Code Section 226.7 and Wage Order 12.

39.     During the period in which one or more Defendants did not provide Plaintiff and members of the Break Premium Class all compliant rest and/or meal periods, one ore more Defendants failed to provide Plaintiff and other members of the Break Premium Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 12.

40.     As a result of one or more Defendants' unlawful conduct, Plaintiff and other members of the Break Premium Class have suffered damages in an amount, subject to proof, to the extent they were not paid all premiums owed for meal and rest period violations.

41.     Pursuant to Labor Code Section 218, Plaintiff and other members of the Break Premium Class are entitled to recover the full amount of their unpaid additional pay for meal and rest period violations.  Pursuant to Labor Code Section 218.5, Plaintiff and other members of the

9
**COMPLAINT**

Exhibit 1
Page 15

Break Premium Class are entitled to recover their reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Break Premium Class are entitled to recover prejudgment interest on the additional pay owed for meal and rest period violations.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (Cal. Labor Code §§ 510, 1194)

### (By Plaintiff and the Overtime Class against Defendants)

42.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs, as though they are set forth in full.

43.    Pursuant to Labor Code Sections 510, 1194 and Subsection 3(D) of Wage Order 12-2001, require an employer to pay an employee one and one-half (1½) times such employee's regular rate of pay for work in excess of eight hours in a day. See Wage Order 12(3)(d) (specifically providing for "One and one-half (1½) times the extra player's rate of pay for the ninth (9th) and tenth (10th) work hours of employment and not less than double the extra player's rate of pay for all hours worked thereafter").

44.    Plaintiff is informed and believes, and based thereon, alleges that one ore more Defendants regularly and systematically, as a policy and practice, miscalculated the overtime and double time rates of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the Overtime Class, such as the $10 "SMOKE WORK" payment promised to Plaintiff and others and the $10 "HAIR" payment paid to Plaintiff and others, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the Overtime Class were only paid one and one-half times their base rate, which was not equal to the regular rate, as one ore more Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

45.    At least one Defendant's policy and practice of requiring overtime work but not

10

**COMPLAINT**

Exhibit 1
Page 16

1   paying at the proper overtime and double time rates for said work violates Labor Code Section

2   510 and the applicable California Wage Orders.

3       46.     As a result of the unlawful acts of Defendants, Plaintiff and the members of the

4   Overtime Class she seeks to represent have been deprived of overtime wages in amounts to be

5   determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys'

6   fees, and costs.

7                               **THIRD CAUSE OF ACTION**

8       **FAILURE TO PAY ALL WAGES DUE AND OWING ON SEPARATION OF**

9                                      **EMPLOYMENT**

10                          **(Cal. Labor Code §§ 201.5, 203)**

11          **(By Plaintiff and the Waiting Time Penalty Class against Defendants)**

12      47.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs,

13  as though they are set forth in full.

14      48.     Plaintiff and the other members of the Waiting Time Penalty Class were

15  employees of one ore more Defendants covered by Labor Code Sections 201.5 whose

16  employment with Defendants ended during the relevant class period.

17      49.     Labor Code Section 201.5 provides "An employee engaged in the production or

18  broadcasting of motion pictures whose employment terminates is entitled to receive payment of

19  the wages earned and unpaid at the time of the termination by the next regular payday."

20      50.     As alleged above, one ore more Defendants failed to pay Plaintiff and other

21  members of the Waiting Time Penalty Class all wages earned and unpaid prior to termination,

22  including all overtime and premium wages due at the time of the cessation of the employee-

23  employer relationship in accordance with Labor Code Section 201.5.  Plaintiff is informed and

24  believes and thereon alleges that at all relevant times within the applicable limitations period,

25  one or more Defendants maintained and continue to maintain a policy or practice of not paying

26  terminated employees all their final wages, including all overtime wages and premium wages,

27  earned before termination due under Labor Code Section 201.5.

28
                                            11
                                     **COMPLAINT**

Exhibit 1
Page 17

51.     At least one Defendant's failure to pay Plaintiff and members of the Waiting Time Penalty Class all wages earned prior to termination in accordance with Labor Code Section 201.5 was willful.  At least one Defendant had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Section 201.5, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Section 201.5.

52.     Pursuant to Labor Code Section 201.5, Plaintiff and other members of the Waiting Time Penalty Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

53.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Waiting Time Penalty Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

54.     As a result of one or more of Defendants' conduct, Plaintiff and other members of the Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

55.     As a result of one or more of Defendants' conduct, Plaintiff and members of the Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

56.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Waiting Time Penalty Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Waiting Time Penalty Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid continuation wages.

Exhibit 1
Page 18

1

2

3

4

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Labor Code § 226)**

**(By Plaintiff and the Wage Statement Class against Defendants)**

5

6

57.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs, as though they are set forth in full.

7

8

9

10

11

12

13

14

15

16

58.    Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages, including in relevant part: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, …." Labor Code § 226(e)(1) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorneys' fees."

17

18

19

20

21

22

23

24

59.    Labor Code § 226(e)(2)(B)(iii) provides: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a) … (iii) The name and address of the employer…."

25

26

27

60.    Throughout the period applicable to this cause of action, one or more Defendants knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish, to Plaintiff and other members of the Wage Statement Class, itemized statements

28

13

**COMPLAINT**

Exhibit 1
Page 19

accurately showing the required information, including but not limited to all wages earned and correct applicable hourly rates of pay.

61.     Plaintiff and the other members of the Wage Statement Class suffered injury by these failures because, among other things, they could not determine from the wage statement alone their total wages and correct hourly rates.

62.     Plaintiff and the other Wage Statement Class members are entitled to the amounts provided for in Labor Code § 226(e), plus costs of suit.

63.     Pursuant to Civil Code § 3287(a), Plaintiff and the other members of the Wage Statement Class are entitled to recover prejudgment interest on the amount of their § 226(e) remedies. Pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff and other members of the Class are entitled to recover their attorney's fees.

## FIFTH CAUSE OF ACTION

## FOR RESTITUTION OF UNDERPAYMENT OF OVERTIME AND PREMIUM WAGES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

## (UNFAIR COMPETITION)

### (By Plaintiff and the Classes against Defendants)

64.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs, as though they are set forth in full.

65.     Beginning at an exact date unknown to Plaintiff, one or more Defendants engaged in unfair competition as defined in California Business and Professions Code section 17200.

66.     Section 17200 provides a private cause of action for any "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."

67.     At all times relevant to this action, Plaintiff and other members of the Classes were employees of one or more Defendants entitled to the benefits of Labor Code sections 201-203, 226.7, 510 and 1194.

68.     During the relevant time period, one or more Defendants intentionally and

14

**COMPLAINT**

Exhibit 1
Page 20

willfully failed to pay Plaintiff and other members of the Overtime Class their overtime wages at the rate of pay required by law. Accordingly, Plaintiff and other members of the Overtime Class did not receive the full amount of overtime and double time that they were entitled to receive by law.

69.     During the relevant time period, one or more Defendants intentionally and willfully failed to pay Plaintiff and other members of the Break Premium Class their meal and rest break premium wages at the rate of pay required by law. Accordingly, Plaintiff and other members of the Break Premium Class did not receive the full amount of premium wages that they were entitled to receive by law.

70.     During the relevant time period, one or more Defendants intentionally and willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Class the full amount of their overtime wages and/or premium wages upon the separation of employment by one or more Defendants and, thereafter, failed to pay waiting time penalties pursuant to Labor Code section 203 to the members of the Waiting Time Penalty Class. Accordingly, Plaintiff and members of the Waiting Time Penalty Class did not receive all of the wages they were entitled to receive by law.

71.     The unlawful conduct of one or more Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to its unlawful and unfair business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations under the Labor Code.

72.     As a result of one or more of Defendants' unfair competition as alleged herein, Plaintiff and other members of the Classes have suffered injury in fact and lost money or property.  Plaintiff and members of the Classes have been deprived of their rights to all overtime and double time wages owed to them, additional premium wages for meal and rest period violations; and/or timely payment of all earned wages due upon termination of employment.

73.     Pursuant to Business and Professions Code section 17203, Plaintiff and other

15

**COMPLAINT**

Exhibit 1
Page 21

members of the Classes are entitled to restitution of the amount of overtime pay by which one or more Defendants underpaid them, the amount of the premium wages by which Defendants underpaid them, and to their reasonable attorneys' fees and costs under Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

### **CLASS CERTIFICATION:**

1.      An order that the action be certified as a class action;

2.      An order that Plaintiff be certified as the representative of the Classes;

3.      An order that counsel for Plaintiff be confirmed as Class counsel;

### **ON THE FIRST CAUSE OF ACTION:**

1.      Damages for underpaid premiums for meal and rest period violations;

2.      Prejudgment interest;

### **ON THE SECOND CAUSE OF ACTION:**

1.      Damages for underpaid overtime wages;

2.      Prejudgment interest;

### **ON THE THIRD CAUSE OF ACTION:**

1.      Damages for unpaid wages earned prior to termination of employment;

2.      Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3.      Prejudgment interest;

### **ON THE FOURTH CAUSE OF ACTION:**

1.      Damages for inaccurate wage statements for each pay period;

2.      Prejudgment interest;

**ON THE FIFTH CAUSE OF ACTION:**

1.  Restitution of all underpayment of overtime wages by Defendants to Plaintiff and members of the Overtime Class;

2.  Restitution of all underpayment of premium wages by Defendants to Plaintiff and members of the Break Premium Class;

3.  Prejudgment interest;

**ON ALL CAUSES OF ACTION:**

1.  Judgment in favor of Plaintiff and the putative Classes and against Defendants;

2.  Reasonable attorney's fees;

3.  Costs of suit; and

4.  Such other relief as the Court deems just and proper.

Dated: May 22, 2023                     KIM LEGAL, APC

By: _____
Frank H. Kim
Attorneys for Plaintiff Paul Ward

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

Dated: May 22, 2023                     KIM LEGAL, APC

By: _____
Frank H. Kim
Attorneys for Plaintiff Paul Ward

17
**COMPLAINT**

Exhibit 1
Page 23

# EXHIBIT 2

Exhibit 2
Page 24

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME BOX OFFICE, INC., a foreign corporation; COOLER WATERS PRODUCTIONS, LLC, a foreign limited liability company; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL WARD, individually and on behalf of other persons similarly situated.

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/22/2023 9:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br>Superior Court of California, County of Los Angeles<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br><br>23STCV11666 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frank H. Kim; Kim Legal, APC, 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010; (323) 482-3300

| | | |
|---|---|---|
| DATE:  05/22/2023<br>*(Fecha)* | Clerk, by  David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)*  J. Covarrubias | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Exhibit 2
Page 25

# EXHIBIT 3

Exhibit 3
Page 26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frank H. Kim (SBN 264609)<br>KIM LEGAL, APC<br>3435 Wilshire Blvd, Suite 2700<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (323) 482-3300    FAX NO.:<br>ATTORNEY FOR *(Name):* Paul Ward | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/22/2023 9:39 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Covarrubias, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill St.
MAILING ADDRESS: 111 N Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Ward v. Home Box Office, Inc., et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited    ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>23STCV11666<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 22, 2023

Frank H. Kim
_____
(TYPE OR PRINT NAME)

▶ *Frank Kim*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit 3<br>Page 27

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller
     Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award
     (*not unpaid taxes*)
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint
     Case (*non-tort/non-complex*)
   Other Civil Complaint
     (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 3
Page 28

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ward v. Home Box Office, Inc., et al. | 23STCV11666 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit 3
Page 29

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ward v. Home Box Office, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Exhibit 3
Page 30

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ward v. Home Box Office, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exhibit 3<br>Page 31

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ward v. Home Box Office, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exhibit 3
Page 32

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ward v. Home Box Office, Inc., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Cengtral_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _05/22/2023_____                         _Frank Kim_____
                                                          (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit 3
Page 33

# EXHIBIT 4

Exhibit 4
Page 34

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/22/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV11666 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maren  Nelson | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  05/24/2023
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Covarrubias _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit 4
Page 35

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit 4
Page 36

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

Exhibit 4
Page 37

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit 4<br>Page 38

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for  the  cross-
                    (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

    Print        Save                                             Clear

Exhibit 4
Page 39

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

   i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii.  Include a brief summary of the dispute and specify the relief requested; and

   iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

   i.  Also be filed on the approved form (copy attached);

   ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit 4
Page 40

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit 4
Page 41

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit 4
Page 42

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

Exhibit 4
Page 43

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

1
2
3
4
5
6

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7

**FOR THE COUNTY OF LOS ANGELES**

8
9

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
10  Use of Voluntary Efficient Litigation  )    EXTENDING TIME TO RESPOND BY
    Stipulations                        )    30 DAYS WHEN PARTIES AGREE
11                                      )    TO EARLY ORGANIZATIONAL
12                                      )    MEETING STIPULATION
                                        )
13  _____ )

14
15      Whereas the Los Angeles Superior Court and the Executive Committee of the

16  Litigation Section of the Los Angeles County Bar Association have cooperated in

17  drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18  use in general jurisdiction civil litigation in Los Angeles County;

19      Whereas the Los Angeles County Bar Association Litigation Section; the Los

20  Angeles County Bar Association Labor and Employment Law Section; the Consumer

21  Attorneys Association of Los Angeles; the Association of Southern California Defense

22  Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

23
24  Employment Lawyers Association all "endorse the goal of promoting efficiency in

25  litigation, and ask that counsel consider using these stipulations as a voluntary way to

26  promote communications and procedures among counsel and with the court to fairly

27  resolve issues in their cases;"

28

-1-

ORDER PURSUANT TO CCP 1054(a)

Exhibit 4
Page 46

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

Exhibit 4
Page 47

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Exhibit 4
Page 48



# Superior Court of California, County of Los Angeles

<div style="border: 1px solid black; padding: 10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

Exhibit 4
Page 49

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING      )
FOR CIVIL                          )
                                   )
                                   )
                                   )
_____   )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit 4
Page 51

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit 4
Page 52

2019-GEN-014-00

    d)  Documents in Related Cases

         Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  EXEMPT LITIGANTS

    a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  EXEMPT FILINGS

    a)  The following documents shall not be filed electronically:

        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii)   Bonds/Undertaking documents;

        iii)  Trial and Evidentiary Hearing Exhibits

        iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v)   Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b)  Lodgments

         Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

Exhibit 4
Page 53

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

Exhibit 4
Page 54

2019-GEN-014-00

h)  Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

   a)  Filed Date

      i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

   a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

Exhibit 4
Page 55

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

Exhibit 4
Page 56

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                Kevin C. Brazile

11                                                          KEVIN C. BRAZILE
                                                            Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit 4
Page 57

# EXHIBIT 5

Exhibit 5
Page 58

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**23STCV11666**                                                                          June 7, 2023
**PAUL WARD vs HOME BOX OFFICE, INC., et al.**                                            9:36 AM

Judge: Honorable Maren Nelson                    CSR: None
Judicial Assistant: Maribel Mata                 ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Complex Designation

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/05/2023 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

Exhibit 5
Page 59

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**23STCV11666**                                                     June 7, 2023
**PAUL WARD vs HOME BOX OFFICE, INC., et al.**                       9:36 AM

Judge: Honorable Maren Nelson              CSR: None
Judicial Assistant: Maribel Mata           ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

Minute Order                                                        Page 2 of 3

Exhibit 5
Page 60

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**23STCV11666**                                                        June 7, 2023
**PAUL WARD vs HOME BOX OFFICE, INC., et al.**                          9:36 AM


Judge: Honorable Maren Nelson                    CSR: None
Judicial Assistant: Maribel Mata                 ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/07/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Paul Ward | |
| DEFENDANT/RESPONDENT:<br>Home Box Office, Inc., et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV11666 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Designation) of 06/07/2023, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Frank H Kim
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/7/2023        By: _M. Mata_____
                              Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit 5
Page 62

# EXHIBIT 6

Exhibit 6
Page 63

**FILED**
Superior Court of California
County of Los Angeles

**06/07/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Mata    Deputy

1

2

3

4

5

6

7    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8    **FOR THE COUNTY OF LOS ANGELES**

9

10    PAUL WARD                                          ) Case No. 23STCV11666
                                                       )
11                                                     )
                                                       )
12                      Plaintiff,                     ) INITIAL STATUS CONFERENCE ORDER
                                                       ) (COMPLEX CASES/CLASS ACTIONS)
13          vs.                                        )
                                                       )
14                                                     )
      HOME BOX OFFICE, INC.                            )
15                                                     ) Dept. 17
                                                       ) Spring street Courthouse
16                                                     ) Hon. Maren E. Nelson
                                                       )
17                      Defendant.                     )
                                                       )

18

19

20          This Initial Status Conference Order (Complex / Class Actions) supplements a Minute Order

21    served concurrently herewith.  That Minute Order sets a date and time for the Initial Status

22    Conference and includes other provisions which are not repeated in this Order.  Counsel should

23    review that Minute Order carefully to be fully informed of your obligations and the processes used in

24    the Los Angeles Superior Court Complex Courtrooms.

25          Pending further order, the following is ordered:

26    **I.    Initial Status Conference**

27          Counsel for all parties shall appear for an Initial Status Conference ("ISC") per the Minute

28    Order served concurrently herewith.

1
ISC ORDER

Exhibit 6
Page 64

1       Counsel representing a party at the ISC or any other status conference should be fully familiar

2   with the facts as then understood and be able to make binding agreements respecting case

3   management.

4       Parties presently engaged in mediation or who have a secured a date with a mediator for

5   mediation may stipulate to one continuance of the ISC, provided they also agree upon an e-service

6   provider, as set forth in Item 8, below, and include the name of the provider and the date of the

7   mediation in their Stipulation for Continuance.  It is expected that parties using this procedure will

8   timely exchange such information as is necessary to have a productive mediation and that the

9   mediation will go forward as scheduled.

10       At the ISC, the Court will discuss case management, set dates for motions, and invite the

11   parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary

12   expenditures of time. Counsel attending shall be prepared to address these issues.

13       At least ten (10) days prior to the ISC, all counsel shall meet, preferably by use of telephone

14   and/or video technology, to discuss case management.  Plaintiff's counsel shall take the lead in

15   preparing a joint ISC Statement and ensuring that it is filed at least five (5) court days prior to the

16   ISC.  To the extent the parties are unable to agree on a joint submission, each party may separately

17   present a brief statement of its position.  If any party who has been served with this Order declines to

18   participate, all other parties shall file an ISC statement.

19       The ISC Statement shall contain the following in the following order:

20       1.    A succinct description of the facts of the case as then known. In wage and hour cases

21           the nature of the employee's work, the employer's business, and the specific factual

22           bases for claims under the Labor Code shall be provided. Citations to relevant statutes

23           and pending appellate cases that may impact the case shall be provided.

24       2.    A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial

25           reference that any party intends to raise and the meet and confer efforts to date on

26           these issues.  Prior to the ISC any party seeking arbitration shall have provided a copy

27           of the applicable agreement to arbitrate to the opposing party and a decision should

28           have been made as to whether a motion to compel arbitration will be filed.  Dates for

<div align="center">2<br>ISC ORDER</div>

Exhibit 6<br>Page 65

1       any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to

2       arbitration will be set at the ISC.

3   3.   Counsel should address issues such as an agreement to share the cost of class

4       notice/opt out procedures, the adequacy of class representatives, and potential

5       conflicts of interest among class representatives.

6   4.   Whether the action incorrectly identifies the name of any party and whether any party

7       intends to add parties or causes of action by way of amendment, cross-complaint, or

8       the like.

9   5.   The names, addresses, telephone, email, and facsimile numbers of all counsel and the

10      parties they represent.

11   6.   Any basis for the Court's recusal or disqualification.

12   7.   A discussion of the identity of entities or persons other than those shown in the

13      pleadings that may have a significant financial or other interest in the proceedings.

14   8.   A joint recommendation for an e-service provider for inclusion in the Court's order for

15      initiation of e-service. The parties must employ an agreed e-service provider. The

16      parties shall identify the appointed e-service provider in the caption of each filing.

17   9.   A brief description of any related cases pending in other courts or anticipated for

18      future filing.

19   10.   Whether there is insurance coverage for the dispute.

20   11.   A plan to preserve evidence, to deploy a uniform system for identification of

21      documents, and to protect confidentiality by, for example, executing a protective

22      order.

23   12.   A preliminary discovery plan, with dates, reflecting the parties' consideration of

24      phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as

25      a predicate to an important early ruling or meaningful participation in an early

26      mediation. In class actions, the parties should address whether discovery should

27      initially be limited to class certification issues.

28   13.   Where appropriate, the parties should outline a process for managing discovery of

<div align="center">

3

ISC ORDER

</div>

Exhibit 6

Page 66

electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism for and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for trial, filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing other anticipated motions.

17. A recommended date for the next Status Conference.

II. **Reminders And Other Information**

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances. Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom. Please speak slowly and pause frequently. Each counsel should advise the others at least 24 hours in advance as to whether an appearance will be remote or in

4
ISC ORDER

Exhibit 6
Page 67

person.

4.    Any message on the message board for the Court should be joint and neutral in tone. Absent good cause shown no unilateral postings are appropriate.

5.    In the ordinary course, discovery motions will not be heard without an Informal Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel may arrange for an IDC by jointly posting a request on the e-service provider's message board.  If all counsel are not in agreement, counsel may request an IDC by filing LACIV094.  Unilateral requests for IDC by message board are not appropriate.

6.    Specific direction as to the matters to be provided to the Court for the IDC and the timing of same will be given at the time the IDC is arranged and may vary depending on the nature of the dispute.  Unless otherwise ordered, IDC are held by LACourtConnect and off the record.

7.    It is the responsibility of all counsel to notify the Court promptly of any related case and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This responsibility is on-going. A Notice of Related Case may be filed prior to the stay being lifted in this action.

8.    Posting documents to the e-service provider does not constitute filing a document. See the Minute Order for further terms re efiling.

9.    Counsel desiring a protective order should consult the model on the court's website and provide a redlined copy if deviations are made from same.  See "Helpful Guidance From the Complex Litigation Judges" on the Complex Litigation webpage link provided in the Minute Order.

10.   Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure § 583.310 unless the Court so orders.

11.   The dismissal of a class action requires court approval. Cal. Rules of Court, Rule 3.770(a).  Counsel must submit a declaration setting forth, among other things, the reasons why a party seeks a dismissal in a class action and any and all consideration given in exchange for the dismissal.

<div align="center">5
ISC ORDER</div>

Exhibit 6
Page 68

12.  Settlement of claims filed under the Private Attorney General Act (PAGA) (whether or not filed as part of a class action) require notice to the Labor and Workforce Development Agency. Labor Code § 2699 (l)(2).  A noticed hearing, with proof of service to LWDA and a proposed Order, is required to secure approval of the settlement of a PAGA claim.  Settlements that include dismissal of a PAGA claim require that the Court be advised of the specific terms of any release of the PAGA claim and the consideration, if any, for same.

13.  To obtain approval of a class action settlement, the parties should consult the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators, as well as the posted model settlement agreements. See the link to same in the Minute Order served concurrently herewith.

**III.  Notice of the ISC Order**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

DATED: 6/7/2023

Maren Nelson / Judge
MAREN E. NELSON
Judge of the Los Angeles Superior Court

6
ISC ORDER

Exhibit 6
Page 69

# EXHIBIT 7

Exhibit 7
Page 70

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 264609 | FOR COURT USE ONLY |
|---|---|---|

NAME: Frank H. Kim

FIRM NAME: Kim Legal, APC

STREET ADDRESS: 3435 Wilshire Blvd., Suite 2700

CITY: Los Angeles    STATE: CA    ZIP CODE: 90010

TELEPHONE NO.: (323) 482-3300    FAX NO.:

E-MAIL ADDRESS: fkim@kim-legal.com

ATTORNEY FOR (Name): Paul Ward

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS: 111 N. Hill St.

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner:  Paul Ward

Defendant/Respondent:  Home Box Office, Inc. and Cooler Waters Productions, LLC

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 23STCV11666 |
|---|---|

TO *(insert name of party being served):* Home Box Office, Inc. and Cooler Waters Productions, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  August 4, 2023

_____          ▶          *Frank Kim*
            Frank H. Kim
        (TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:  August 21, 2023

_____          ▶          _____
    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
         ON WHOSE BEHALF THIS FORM IS SIGNED)                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Exhibit 7
Page 71

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles , State of California, I am over the age of
eighteen years and am not a party to this action; my business address is Mitchell Silberberg &

4

Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business
email address is a1s@msk.com.

5

    On August 21, 2023, I served a copy of the foregoing document(s) described as

6

**ACKNWOLEDGEMENT OF RECEIPT (SUMMONS and COMPLAINT)** on the interested
parties in this action at their last known address as set forth below by taking the action described

7

below:

8

Frank H. Kim                      Helen U. Kim
fkim@kim-legal.com          helen@helenkimlaw.com

9

KIM LEGAL, APC           HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700    3435 Wilshire Blvd, Suite 2700

10

Los Angeles, CA 90010        Los Angeles, CA 90010
Telephone: (323) 482-3300     Telephone: (323) 487-9151

11

Facsimile: (866) 652-7819      Facsimile: (866) 652-7819

12

*Attorneys for Plaintiff Paul Ward*

13

   ☐  **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned
document(s) in sealed envelope(s) addressed as set forth above, and placed the

14

envelope(s) for collection and mailing following ordinary business practices.  I am readily
familiar with the firm's practice for collection and processing of correspondence for

15

mailing with the United States Postal Service.  Under that practice it would be deposited
with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049

16

Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course
of business.

17

18

   ☑  **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on
the parties listed at the email addresses above and, to the best of my knowledge, the

19

transmission was complete and without error in that I did not receive an electronic
notification to the contrary.

20

   ☐  **BY ELECTRONIC SERVICE:**  Pursuant to California Rule of Court 2.251(b)(1)(B), the
parties listed above were served electronically via the **FIRST LEGAL** e-fling portal.

21

22

    I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.

23

    Executed on August 21, 2023, at Los Angeles, California.

24

25

_____
          Alma L. Silva

26

27

28

**PROOF OF SERVICE**

Exhibit 7
Page 72

# EXHIBIT 8

Exhibit 8
Page 73

1

FRANK H. KIM, State Bar No. 264609
  *fkim@kim-legal.com*
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/11/2023 11:58 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Martinez, Deputy Clerk

2

3

4

5

HELEN U. KIM, State Bar No. 260195
  *helen@helenkimlaw.com*
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

6

7

8

9

*Attorneys for Plaintiff Paul Ward*

10

STEPHEN A. ROSSI (SBN 282205)
sar@msk.com
**MITCHELL SILBERBERG & KNUPP, LLP**
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-3240

11

12

13

14

*Attorneys for Defendant*
*Home Box Office, Inc. and Cooler Waters Productions, LLC*

15

16

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

17

### FOR THE COUNTY OF LOS ANGELES

18

19

| | |
|---|---|
| PAUL WARD, individually and on behalf of all other persons similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>HOME BOX OFFICE, INC., a foreign corporation; COOLER WATERS PRODUCTIONS, LLC, a foreign limited liability company; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.: 23STCV11666<br>[*The Hon. Maren Nelson, Dept. 17*]<br><br>**PROOF OF SERVICE**<br><br>Dept: 17<br>Date: September 5, 2023<br>Time: 9:00 AM<br><br>Complaint Filed: May 22, 2023<br>Trial Date: None Set |

20

21

22

23

24

25

26

27

28

1
**PROOF OF SERVICE**

Exhibit 8
Page 74

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010.

On August 11, 2023, I served true copies of the following document(s) described as: **(1) COURT ORDER RE COMPLEX DESIGNATION; AND (2) INITIAL STATUS CONFERNCE ORDER,** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen A. Rossi, Esq. | Helen U. Kim, Esq. |
| sar@msk.com | **HELEN KIM LAW, APC** |
| **MITCHELL SILBERBERG & KNUPP, LLP** | 3435 Wilshire Blvd, Suite 2700 |
| 2049 Century Park East, 18th Floor | Los Angeles, CA 90010 |
| Los Angeles, CA 90067 | Telephone: (323) 487-9151 |
| Telephone: (310) 312-3240 | Facsimile: (866) 652-7819 |
| *Attorneys for Home Box Office, Inc. and Cooler Waters Productions, LLC* | Email: helen@helenkimlaw.com |
| | *Attorneys for Plaintiff and the Proposed Class* |

[x]    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be emailed to the parties listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 11, 2023, at Los Angeles, California.

_____
*/s/ Frank H. Kim*
FRANK H. KIM

2

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

FP 47901980.1

Exhibit 8
Page 75

# EXHIBIT 9

Exhibit 9
Page 76

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/21/2023 11:28 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Arellanes, Deputy Clerk

1   MITCHELL SILBERBERG & KNUPP LLP
    ADAM LEVIN (SBN 156773), axl@msk.com
2   STEPHEN A. ROSSI (SBN 282205), sar@msk.com
    KYLE DECAMP (SBN 328585), kyle.decamp@msk.com
3   2049 Century Park East, 18th Floor
    Los Angeles, CA  90067-3120
4   Telephone: (310) 312-2000
    Facsimile: (310) 312-3100
5
    Attorneys for Defendants
6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                      CENTRAL DISTRICT

11  PAUL WARD, individually and on behalf of        CASE NO. 23STCV11666
    other persons similarly situated,
12                                                  Assigned to Judge Maren Nelson
                 Plaintiff,                         Dept. 17
13
          v.                                        **NOTICE OF APPEARANCE OF
14                                                  COUNSEL FOR DEFENDANTS HOME
    HOME BOX OFFICE, INC., a foreign                BOX OFFICE, INC AND COOLER
15  corporation; COOLER WATERS                      WATERS PRODUCTIONS, LLC**
    PRODUCTIONS, LLC, a foreign limited
16  liability company; and DOES 1 through 50,
    inclusive,                                      Date Filed: May 22, 2023
17
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

---

                    **NOTICE OF APPEARANCE**

Exhibit 9
Page 77

1   **TO PAUL WARD, HIS ATTORNEYS OF RECORD, AND THE ABOVE-ENTITLED**

2   **HONORABLE COURT:**

3       **PLEASE TAKE NOTICE THAT** the undersigned attorneys are appearing on behalf of

4   Defendants Home Box Office, Inc. and Cooler Waters Production, LLC ("HBO") in the above-

5   captioned action, and hereby request service of all notices, communications and other papers in

6   this matter be served at the following address:

7           Adam Levin (SBN 156773)
          E-Mail: axl@msk.com

8           Stephen A. Rossi (SBN 282205)
          E-Mail: sar@msk.com

9           Kyle DeCamp (SBN 328585)
          E-Mail: kyle.decamp@msk.com

10         MITCHELL SILBERBERG & KNUPP LLP
          2049 Century Park East, 18th Floor

11         Los Angeles, CA 90067-3120
          Telephone: (310) 312-2000

12         Facsimile: (310) 312-3100

13

14   DATED: August 21, 2023         MITCHELL SILBERBERG & KNUPP LLP

15                       ADAM LEVIN
                      STEPHEN A. ROSSI

16                       KYLE DECAMP

17

18         By: _____

19              Stephen A. Rossi
             Attorneys for Defendants

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

28

2
**NOTICE OF APPEARANCE**

Exhibit 9
Page 78

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles , State of California, I am over the age of
4 eighteen years and am not a party to this action; my business address is Mitchell Silberberg &
Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business
5 email address is a1s@msk.com.

    On August 21, 2023, I served a copy of the foregoing document(s) described as **NOTICE**
6 **OF APPEARANCE OF COUNSEL FOR DEFENDANTS HOME BOX OFFICE, INC AND**
**COOLER WATERS PRODUCTIONS, LLC** on the interested parties in this action at their last
7 known address as set forth below by taking the action described below:

8
Frank H. Kim                                      Helen U. Kim
fkim@kim-legal.com                    helen@helenkimlaw.com
9 KIM LEGAL, APC                            HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700    3435 Wilshire Blvd, Suite 2700
10 Los Angeles, CA 90010                Los Angeles, CA 90010
Telephone: (323) 482-3300          Telephone: (323) 487-9151
11 Facsimile: (866) 652-7819           Facsimile: (866) 652-7819

12 *Attorneys for Plaintiff Paul Ward*

13    ☐ **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned
document(s) in sealed envelope(s) addressed as set forth above, and placed the
14       envelope(s) for collection and mailing following ordinary business practices. I am readily
familiar with the firm's practice for collection and processing of correspondence for
15       mailing with the United States Postal Service. Under that practice it would be deposited
with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049
16       Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course
of business.

17

18    ☐ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on
the parties listed at the email addresses above and, to the best of my knowledge, the
19       transmission was complete and without error in that I did not receive an electronic
notification to the contrary.

20    ☑ **BY ELECTRONIC SERVICE:** Pursuant to California Rule of Court 2.251(b)(1)(B), the
parties listed above were served electronically via the **FIRST LEGAL** e-filing portal.
21

22     I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.

23     Executed on August 21, 2023, at Los Angeles, California.

24

25                                   Alma L. Silva

26

27

28

Mitchell
Silberberg &
Knupp LLP

3
**NOTICE OF APPEARANCE**

Exhibit 9
Page 79

# EXHIBIT 10

Exhibit 10
Page 80

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Frank H. Kim (SBN 264609)
Kim Legal, APC
3435 Wilshire Blvd., Suite 2700
Los Angeles CA 90010

TELEPHONE NO.: (323) 482-3300          FAX NO. *(Optional):*
EMAIL ADDRESS *(Optional):* fkim@kim-legal.com
ATTORNEY FOR *(Name):* Paul Ward

*Electronically FILED by Superior Court of California, County of Los Angeles 8/25/2023 4:37 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Drew, Deputy Clerk*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Paul Ward

DEFENDANT/RESPONDENT: Home Box Office, Inc; Cooler Waters Productions, LLC

| | |
|---|---|
| **NOTICE OF RELATED CASE** | CASE NUMBER: 23STCV11666 |
| | JUDICIAL OFFICER: Maren Nelson |
| | DEPT.: 17 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Josephine Tehrani v Home Box Office Inc. et al.

    b.  Case number: 23STCV09609

    c.  Court: [x] same as above

    [ ] other state or federal court *(name and address):*

    d.  Department: 34

    e.  Case type: [ ] limited civil  [x] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

    f.  Filing date: April 28, 2023

    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [x] No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

    [x] involves the same parties and is based on the same or similar claims.

    [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    [ ] involves claims against, title to, possession of, or damages to the same property.

    [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    [ ] Additional explanation is attached in attachment 1h

    i.  Status of case:

    [x] pending

    [ ] dismissed  [ ] with  [ ] without prejudice

    [ ] disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: [ ] same as above

    [ ] other state or federal court *(name and address):*

    d.  Department:

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use Judicial Council of California CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300 *www.courts.ca.gov* |

Exhibit 10
Page 81

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Paul Ward<br>DEFENDANT/RESPONDENT:   Home Box Office, Inc; Cooler Waters Productions, LLC | CASE NUMBER:<br>23STCV11666 |

2.   *(continued)*

e.   Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f.   Filing date:

g.   Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.   Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i.   Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

3.   a.   Title:

b.   Case number:

c.   Court:  ☐ same as above

☐ other state or federal court *(name and address)*:

d.   Department:

e.   Case type:  ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f.   Filing date:

g.   Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.   Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i.   Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

4.   ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: August 25, 2023

Frank H. Kim

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Frank H. Kim*

(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 2 of 3

Exhibit 10
Page 82

CM-015

| PLAINTIFF/PETITIONER: Paul Ward | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Home Box Office, Inc; Cooler Waters Productions, LLC | 23STCV11666 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME OF DECLARANT)                       (SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]                    **NOTICE OF RELATED CASE**                    Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

Exhibit 10
Page 83

# EXHIBIT 11

Exhibit 11
Page 84

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/25/2023 4:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Drew, Deputy Clerk

1  FRANK H. KIM, State Bar No. 264609
    *fkim@kim-legal.com*
2  **KIM LEGAL, APC**
   3435 Wilshire Blvd, Suite 2700
3  Los Angeles, CA 90010
   Telephone: (323) 482-3300
4  Facsimile: (866) 652-7819

5  HELEN U. KIM, State Bar No. 260195
    *helen@helenkimlaw.com*
6  **HELEN KIM LAW, APC**
   3435 Wilshire Blvd, Suite 2700
7  Los Angeles, CA 90010
   Telephone: (323) 487-9151
8  Facsimile: (866) 652-7819

9  *Attorneys for Plaintiff Paul Ward*

10

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                     **FOR THE COUNTY OF LOS ANGELES**

13

14  PAUL WARD, individually and on behalf of all | Case No.: 23STCV11666
15  other persons similarly situated,            | [*The Hon. Maren Nelson, Dept. 17*]

16                 Plaintiff,                     | **PROOF OF SERVICE**
17          v.

18  HOME BOX OFFICE, INC., a foreign             | Complaint Filed: May 22, 2023
    corporation; COOLER WATERS               | Trial Date: None Set
19  PRODUCTIONS, LLC, a foreign limited
    liability company; and DOES 1 through 50,
20  inclusive,

21                 Defendants.

22

23

24

25

26

27

28

                                        1
                               **PROOF OF SERVICE**

Exhibit 11
Page 85

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010.

On August 25, 2023, I served true copies of the following document(s) described as: **NOTICE OF RELATED CASE,** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen A. Rossi, Esq. | Helen U. Kim, Esq. |
| sar@msk.com | **HELEN KIM LAW, APC** |
| Kyle DeCamp, Esq. | 3435 Wilshire Blvd, Suite 2700 |
| kxd@msk.com | Los Angeles, CA 90010 |
| **MITCHELL SILBERBERG & KNUPP, LLP** | Telephone: (323) 487-9151 |
| | Facsimile: (866) 652-7819 |
| 2049 Century Park East, 18th Floor | Email: helen@helenkimlaw.com |
| Los Angeles, CA 90067 | ***Attorneys for Plaintiff and the Proposed Class*** |
| Telephone: (310) 312-3240 | |
| ***Attorneys for Home Box Office, Inc. and Cooler Waters Productions, LLC*** | |

[x]  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document to be sent to the persons at the e-mail address(es) listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 25, 2023, at Los Angeles, California.

_____
*/s/ Kimberly Bentley*
KIMBERLY BENTLEY

2
**PROOF OF SERVICE**

FP 47901980.1

Exhibit 11
Page 86

# EXHIBIT 12

Exhibit 12
Page 87



Electronically Received 08/23/2023 08:49 PM

1   FRANK H. KIM, State Bar No. 264609
      *fkim@kim-legal.com*
2   **KIM LEGAL, APC**
    3435 Wilshire Blvd, Suite 2700
3   Los Angeles, CA 90010
    Telephone: (323) 482-3300
4   Facsimile: (866) 652-7819

5   HELEN U. KIM, State Bar No. 260195
      *helen@helenkimlaw.com*
6   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
7   Los Angeles, CA 90010
    Telephone: (323) 487-9151
8   Facsimile: (866) 652-7819

9   *Attorneys for Plaintiff Paul Ward*

10  STEPHEN A. ROSSI (SBN 282205)
    sar@msk.com
11  **MITCHELL SILBERBERG & KNUPP, LLP**
    2049 Century Park East, 18th Floor
12  Los Angeles, CA 90067
    Telephone: (310) 312-3240
13

14  *Attorneys for Defendant*
    *Home Box Office, Inc. and Cooler Waters Productions, LLC*
15

**FILED**
Superior Court of California
County of Los Angeles

**08/25/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Mata _____ Deputy

16              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17                    **FOR THE COUNTY OF LOS ANGELES**

18

19

20  PAUL WARD, individually and on behalf of all      Case No.: 23STCV11666
    other persons similarly situated,                 [*The Hon. Maren Nelson, Dept. 17*]

21
              Plaintiff,                               ~~JOINT STIPULATION TO CONTINUE~~
22        v.                                           ~~THE INITIAL STATUS CONFERENCE;~~
                                                       ~~[PROPOSED~~ ORDER]
23  HOME BOX OFFICE, INC., a foreign
    corporation; COOLER WATERS                         Dept: 17
24  PRODUCTIONS, LLC, a foreign limited                Date: September 5, 2023
    liability company; and DOES 1 through 50,          Time: 9:00 AM
25  inclusive,
                                                       Complaint Filed: May 22, 2023
26            Defendants.                              Trial Date: None Set

27

28

---

1

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

Exhibit 12
Page 88

1       WHEREAS, on May 22, 2023, Plaintiff filed the instant class action lawsuit against

2  Defendants. The action was assigned to Judge Maren Nelson.

3       WHEREAS, on June 7, 2023, Judge Nelson issued an Initial Status Conference Order

4  and set the Initial Status Conference for September 5, 2023.

5       WHEREAS, on August 4, 2023, Plaintiff emailed opposing counsel a copy of the

6  Summons and Complaint and a Notice and Acknowledgement of Receipt.

7       WHEREAS, on August 21, 2023, Defendants signed and returned to opposing counsel

8  the Notice and Acknowledgement of Receipt.

9       WHEREAS, August 28, 2023 is the last day for the Parties to meet and confer to discuss

10  case management.

11       WHEREAS, August 29, 2023 is the date by which a joint Initial Status Conference

12  Statement is to be filed.

13       WHEREAS, the instant lawsuit is related to a PAGA only lawsuit filed against

14  Defendants and also served on August 4, 2023 (*Tehrani v. Home Box Office, Inc., et al.*, Case

15  No. 23STCV09609).

16       WHEREAS, the instant lawsuit and the *Tehrani* lawsuit have overlapping legal issues

17  and defendants and Plaintiff will be requesting that *Tehrani* be related to this matter and overseen

18  by this Department as this matter is the first-filed case.

19       WHEREAS, the Court's resources would be saved by conducting an initial status

20  conference of both *Tehrani* and this matter if and after the matters are deemed related.

21       WHEREAS, the meet and confer process would be best served if Defendants had benefit

22  additional time to internally review and evaluate the allegations in Plaintiff's complaints and

23  coordinate the retrieval of relevant documentation from third party companies.

24       WHEREAS, the Parties have demonstrated good cause and none of the Parties will suffer

25  undue prejudice as a result of a brief continuance.

26       Based on the foregoing, IT IS HEREBY STIPULATED by and between the Parties,

27  through the undersigned counsel of record, as follows:

28

2

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

FP 47901980.1

Exhibit 12
Page 89

1        1.   The Initial Status Conference set for September 5, 2023 be continued at least 30 days

2             to a date that is convenient for this Court.

3

4   DATED: August 22, 2023              **KIM LEGAL, APC**
                                        **HELEN KIM LAW, APC**

5

6                                       By:  _____
                                              */s/ Frank H. Kim*

7                                             FRANK H. KIM, Esq.
                                              Attorneys for Plaintiff and the Proposed

8                                             Class

9   DATED: August 22, 2023              **MITCHELL SILBERBERG & KNUPP, LLP**

10

11                                      By:  _____
                                              */s/ Stepehen A. Rossi*

12                                            STEPHEN A. ROSSI, Esq.
                                              Attorneys for Defendants Home Box

13                                            Office, Inc. and Cooler Waters
                                              Productions, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
3

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

FP 47901980.1

Exhibit 12
Page 90

<div style="text-align:center">

**[PROPOSED] ORDER**

</div>

**PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT:**

      1.    The Initial Status Conference set for September 5, 2023 be continued at least 30

days to   10/12/2023 at 9:00 a.m.  .

_____

_____

_____

Dated: 08/25/2023 _____          _____

                                                           JUDGE MAREN NELSON

<div style="text-align:center">

4

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

</div>

FP 47901980.1

Exhibit 12
Page 91

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010.

On August 23, 2023, I served true copies of the following document(s) described as: **JOINT STIPULATION TO CONTINUE THE INITIAL STATUS CONFERENCE,** on the interested parties in this action as follows:

Stephen A. Rossi, Esq.
sar@msk.com
**MITCHELL SILBERBERG & KNUPP, LLP**
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-3240
***Attorneys for Home Box Office, Inc. and Cooler Waters Productions, LLC***

Helen U. Kim, Esq.
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819
Email: helen@helenkimlaw.com
***Attorneys for Plaintiff and the Proposed Class***

[x]      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be emailed to the parties listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 23, 2023, at Los Angeles, California.

*/s/ Frank H. Kim*
FRANK H. KIM

JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE

FP 47901980.1

Exhibit 12
Page 92

# EXHIBIT 13

Exhibit 13
Page 93

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**23STCV11666**                                                      August 30, 2023
**PAUL WARD vs HOME BOX OFFICE, INC., et al.**                                1:57 PM

Judge: Honorable Maren Nelson                CSR: None
Judicial Assistant: Maribel Mata             ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Notice of Related Case

The Court finds that the following cases, 23STCV11666 and 23STCV09609, are related within the meaning of California Rules of Court, rule 3.300(a). 23STCV11666 is the lead case. For good cause shown, said cases are assigned to Judge Maren Nelson in Department 17 at Spring Street Courthouse for all purposes.

All hearings in cases other than the lead case are advanced and taken off calendar. This order is made without prejudice to the parties making a motion to consolidate in the newly assigned department. The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

The Court is in receipt of a Notice of Related Case advising of potentially related cases Tehrani v Home Box Office 23STCV09609 and Ward v. Home Box Office 23STCV11666. The Ward action is a complex class action alleging failure to include non discretionary remuneration in calculating an employee's regular rate of pay. The Tehrani action, is a non-complex representative PAGA only action for penalties and is brought on behalf of the State of California which similarly alleges failure to include non discretionary remuneration in calculating an employee's regular rate of pay.

The parties shall attend an Initial Status Conference in both actions on 10/22/223 9:00 AM Department 17 at Spring Street Courthouse. An Initial Status Conference Order is served with this minute order in Tehrani v Home Box Office 23STCV0960.

Certificate of Mailing is attached.

Minute Order                                                      Page 1 of 1

Exhibit 13
Page 94

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/30/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Paul Ward | |
| DEFENDANT/RESPONDENT:<br>Home Box Office, Inc., et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV11666 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Notice of Related Case) of 08/30/2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Frank H Kim
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/30/2023

By: M. Mata
Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit 13
Page 95

# **EXHIBIT 14**

Exhibit 14
Page 96

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**23STCV11666**                                                          August 30, 2023
**PAUL WARD vs HOME BOX OFFICE, INC., et al.**                            2:19 PM

Judge: Honorable Maren Nelson                CSR: None
Judicial Assistant: Maribel Mata             ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of 08/30/2023 in the above-entitled action does not properly reflect the Court's order. At the direction of the Judicial Officer, said minute order is corrected nunc pro tunc as of 08/30/2023, as follows:

By striking: The parties shall attend an Initial Status Conference in both actions on 10/22/223 9:00 AM Department 17 at Spring Street Courthouse.

By adding: The parties shall attend an Initial Status Conference in both actions on 10/12/2023 9:00 AM Department 17 at Spring Street Courthouse.

Counsel for plaintiff is to give notice.

Certificate of Mailing is attached.

Exhibit 14
Page 97

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

08/30/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Mata _____ Deputy

PLAINTIFF/PETITIONER:
Paul Ward

DEFENDANT/RESPONDENT:
Home Box Office, Inc., et al.

### CERTIFICATE OF MAILING

CASE NUMBER:
23STCV11666

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Nunc Pro Tunc Order) of 08/30/2023  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Frank H Kim
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/30/2023

By: M. Mata
Deputy Clerk

### CERTIFICATE OF MAILING

Exhibit 14
Page 98

# EXHIBIT 15

Exhibit 15
Page 99

1   FRANK H. KIM, State Bar No. 264609
       *fkim@kim-legal.com*
2   **KIM LEGAL, APC**
    3435 Wilshire Blvd, Suite 2700
3   Los Angeles, CA 90010
    Telephone: (323) 482-3300
4   Facsimile: (866) 652-7819

5   HELEN U. KIM, State Bar No. 260195
       *helen@helenkimlaw.com*
6   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
7   Los Angeles, CA 90010
    Telephone: (323) 487-9151
8   Facsimile: (866) 652-7819

9   Attorneys for Plaintiff Paul Ward

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/07/2023 9:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF LOS ANGELES**

12

13  **PAUL WARD**, individually and on behalf of       CASE NO.  23STCV11666
    other persons similarly situated,                  [*Hon. Maren Nelson, Dept. 17*]

14                  Plaintiff,
                                                        **PROOF OF SERVICE**
15          vs.
                                                        Complaint Filed:    May 22, 2023
16  **HOME BOX OFFICE, INC.**, a foreign                Trial Date:          Not Set
    corporation; **COOLER WATERS**
17  **PRODUCTIONS, LLC**, a foreign limited
    liability company; and **DOES 1 through 50**,
18  inclusive,

19                  Defendants.

20

21

22

23

24

25

26

27

28

                                          1
                                  **PROOF OF SERVICE**

Exhibit 15
Page 100

1
2

**(PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4
5

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010.

6
7

     On August 4, 2023, I served all interested parties in this action the following documents described as:

8

   **1.  Notice and Acknowledgment of Receipt – Civil**

9

by providing a true copy thereof to the following individuals in the method indicated below:

10
11
12
13
14
15
16

| STEPHEN A. ROSSI<br>ADAM LEVIN<br>KYLE DECAMP<br>**MITCHELL SILBERBERG & KNUPP, LLP**<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067-3120<br>Email: sar@msk.com;<br>axl@msk.com;<br>kxd@msk.com.<br>Attorneys for Defendants Home Box Office, Inc and Cooler Waters Productions, LLC | HELEN U. KIM<br>**HELEN KIM LAW, APC**<br>3435 Wilshire Blvd, Suite 2700<br>Los Angeles, CA 90010<br>Email: helen@helenkimlaw.com<br>Attorneys for Plaintiff Paul Ward |
| --- | --- |

17
18
19
20

**[ ]**   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21
22

**[XX]**  **(BY ELECTRONIC MAIL TRANSMISSION)**: I caused the document to be sent to the persons at the e-mail address(es) listed on the above or attached service list.

23
24

**[XX]**  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

     Executed on August 4, 2023 at Los Angeles, California.

26
27
28



           _____
               Frank H. Kim

2
**PROOF OF SERVICE**

Exhibit 15
Page 101

# EXHIBIT 16

Exhibit 16
Page 102

MITCHELL SILBERBERG & KNUPP LLP
ADAM LEVIN (SBN 156773), axl@msk.com
STEPHEN A. ROSSI (SBN 282205), sar@msk.com
GENEVIEVE L. JAVIDZAD (SBN 336138) glj@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Home Box Office, Inc. and
Cooler Waters Productions, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/19/2023 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT – SPRING STREET COURTHOUSE

| | |
|---|---|
| PAUL WARD, individually and on behalf of other persons similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>HOME BOX OFFICE, INC., a foreign corporation; COOLER WATERS PRODUCTIONS, LLC, a foreign limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 23STCV11666<br><br>Judge:     Hon. Maren Nelson<br>Dept:     17<br><br>**DEFENDANTS HOME BOX OFFICE, INC. AND COOLER WATERS PRODUCTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>File Date:     May 22, 2023<br>Trial Date:     None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

15814936.2

1    **GENERAL DENIAL**

2        Defendants Home Box Office, Inc. ("HBO") and Cooler Waters Productions, LLC

3    ("Cooler Waters") (collectively, "Defendants"), by and through their counsel, hereby answer the

4    unverified complaint ("Complaint") filed by Plaintiff Paul Ward ("Plaintiff") as follows:

5    **GENERAL DENIAL**

6        Pursuant to the provisions of California Code of Civil Procedure ("CCP")

7    Section 431.30(d), Defendants deny, both generally and specifically, each and every material

8    allegation in the Complaint, and specifically deny that Plaintiff or any alleged class member

9    (hereinafter, "alleged class member") has been, is, or will be damaged in the amount alleged, or in

10   any manner or sum whatsoever, or is entitled to any recovery or remedy of any type whatsoever,

11   by reason of any of Defendants' acts, conduct, or omissions.

12   **SEPARATE AFFIRMATIVE DEFENSES**

13       Without waiving or excusing Plaintiff's burden of proof or that of any alleged class

14   member, or admitting that Defendants have any burden of proof, or admitting that any of these

15   affirmative defenses are in fact affirmative defenses as to which Defendants bear the burden of

16   proof as opposed to matters on which Plaintiff and/or any alleged class member bears the burden

17   of proof, Defendants assert the following separate affirmative defenses.

18   **FIRST AFFIRMATIVE DEFENSE**

19   **[Failure to State a Cause of Action]**

20       1.    The Complaint, in whole or in part, fails to state facts sufficient to constitute a

21   cause of action brought on behalf of Plaintiff and/or any alleged class member because it fails to

22   disclose facts supporting the conclusion that the payments at issue are "non-discretionary," the

23   payments are "talent fees" under the Fair Labor Standard Act if they are "non-discretionary," and

24   the claims are preempted by the Labor Management Relations Act as they arise from or require

25   interpretation of the applicable SAG-AFTRA collective bargaining agreement.

26

27

28

Mitchell
Silberberg &
Knupp LLP

15814936.2

2

**DEFENDANTS' ANSWER TO COMPLAINT**

Exhibit 16
Page 104

1

## SECOND AFFIRMATIVE DEFENSE

2

### [Statute of Limitations]

3      2.      The claims of some of the alleged class members are barred, in whole or in part, by

4   the applicable statutes of limitations, including without limitation, the limitations periods

5   prescribed in California Labor Code Section 2699.3, the one-year limitations period contained in

6   California Code of Civil Procedure Sections 340(a) and (b), the three-year limitations period

7   contained in California Code of Civil Procedure Section 338, and the four-year limitations period

8   contained in California Business and Professions Code Section 17208.

9

10

## THIRD AFFIRMATIVE DEFENSE

### [Estoppel]

11

12      3.      The claims of each alleged class member, or some of them, are barred, in whole or

13   in part, because the alleged class members are estopped by their own failure to and delay in

      seeking redress to claim any right to damages or other relief from Defendants.

14

15

## FOURTH AFFIRMATIVE DEFENSE

16

### [Laches]

17      4.      The claims of each alleged class member, or some of them, are barred, in whole or

18   in part, by the doctrine of laches due to their failure to and delay in seeking redress.

19

20

## FIFTH AFFIRMATIVE DEFENSE

### [Consent/Ratification]

21

22      5.      Plaintiff's claims and the claims of each alleged class member, or some of them,

      are barred, in whole or in part, by Plaintiff's and the alleged class members' express or implied

23

24   consent to the conduct of which they complain and/or ratification of that conduct due to their

      failure to and delay in seeking redress.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

15814936.2

3
**DEFENDANTS' ANSWER TO COMPLAINT**

Exhibit 16
Page 105

1

## SIXTH AFFIRMATIVE DEFENSE

2

### [Lack of Willfulness or Knowing or Intentional Conduct]

3      6.      Neither Plaintiff nor any alleged class member are entitled to any penalty or

4  liquidated damages award, including, but not limited to any penalties or liquidated damages under

5  California Labor Code Sections 201.5, 203, 226, 226.3, 510, 512, 558, 558.1, 1194, 1194.2,

6  1197.1, 1198, 1198.5, and/or 2699; the Industrial Welfare Commission Wage Orders; and/or

7  penalties alleged in the Complaint.  That is because, at all relevant times, Defendants did not act

8  willfully, knowingly, or intentionally, but rather acted in good faith and had reasonable grounds

9  for believing that they did not violate relevant laws or the specified provisions.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### [Good Faith]

12      7.      Neither Plaintiff nor any alleged class members are entitled to any penalty or

13  liquidated damages award, including, but not limited to any penalties or liquidated damages under

14  California Labor Code Sections 201.5, 203, 226, 226.3, 510, 512, 558, 558.1, 1194, 1194.2,

15  1197.1, and/or 2699; the Industrial Welfare Commission Wage Orders; and/or penalties alleged in

16  the Complaint.  That is because, at all relevant times, Defendants acted in good faith and had

17  reasonable grounds for believing that Defendants did not violate relevant laws or the specified

18  provisions.

19

20

## EIGHTH AFFIRMATIVE DEFENSE

21

### [Compliance or Substantial Compliance with Legal Obligations]

22      8.      Defendants complied or substantially complied with all obligations under the law.

23

## NINTH AFFIRMATIVE DEFENSE

24

### [Unconstitutionality of Penalties or Liquidated Damages]

25      9.      Plaintiff and each alleged class member are not entitled to recover any penalties or

26  liquidated damages, such as but not limited to, those Plaintiff and each alleged class member seek

27  under or based upon California Labor Code Sections 201.5, 203, 226, 226.3, 510, 512, 558, 558.1,

28

Mitchell
Silberberg &
Knupp LLP

15814936.2

4

### DEFENDANTS' ANSWER TO COMPLAINT

Exhibit 16
Page 106

1   1194, 1194.2, 1197.1, and/or 2699, the Industrial Welfare Commission Wage Orders or otherwise,

2   and any award of such penalties or damages would, in general or under the facts of Plaintiff's and

3   the alleged class members' particular claims, violate Defendants' constitutional rights under the

4   provisions of the United States and California Constitutions including, but not limited to, the due

5   process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the

6   excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the

7   United States Constitution, as well as the due process and excessive fines clause contained in the

8   California Constitution.

9                                **TENTH AFFIRMATIVE DEFENSE**

10                                      **[LMRA Preemption]**

11           10.      Plaintiff's claims are preempted in whole or in part by Section 301 of the Labor

12   Management Relations Act and are barred because Plaintiff's claims arise from or require

13   interpretation of the applicable SAG-AFTRA collective bargaining agreement.

14

15                               **ELEVENTH AFFIRMATIVE DEFENSE**

16                                    **[Reservation of Rights]**

17           11.      Defendants do not presently know all of the facts and circumstances respecting

18   Plaintiff's and/or the alleged class members' claims, particularly as no class action has been

19   certified and the scope of the action, including any proposed class, remains unclear.  Defendants

20   reserves the right to amend this Answer should it later discover facts demonstrating the existence

21   of additional affirmative defenses.

22

23                                      **PRAYER FOR RELIEF**

24           WHEREFORE, HBO and Cooler Waters pray for judgment as follows:

25           1.      That Plaintiff and each alleged class member take nothing by reason of the

26   Complaint, and that the Complaint and each cause of action be dismissed with prejudice on the

27   merits;

28

Mitchell
Silberberg &
Knupp LLP

15814936.2

5

**DEFENDANTS' ANSWER TO COMPLAINT**

Exhibit 16
Page 107

1     2.      That judgment be entered in favor of Defendants and against Plaintiff and, if any

2  class action is allowed to proceed, against each alleged class member;

3     3.      That Defendants be awarded their reasonable attorneys' fees and costs of suit, as

4  provided by law; and

5     4.      That the Court order such other and further relief in favor of Defendants as the

6  Court deems just and proper.

7  DATED:  September 19, 2023          Respectfully submitted,

8                          MITCHELL SILBERBERG & KNUPP LLP

10                         By: _____

11                           STEPHEN A. ROSSI
                             Attorneys for Defendants
12                           HOME BOX OFFICE, INC. and COOLER
                           WATERS PRODUCTIONS, LLC

Mitchell
Silberberg &
Knupp LLP

15814936.2

6

**DEFENDANTS' ANSWER TO COMPLAINT**

Exhibit 16
Page 108

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business email address is mmo@msk.com.

4

5

    On September 19, 2023, I served a copy of the foregoing document(s) described as **DEFENDANTS HOME BOX OFFICE, INC. AND COOLER WATERS PRODUCTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

6

7

8

*Attorneys for Plaintiff Paul Ward*

9

Frank H. Kim
fkim@kim-legal.com
KIM LEGAL, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

Helen U. Kim
helen@helenkimlaw.com
HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

10

11

12

13

14

15

  ☑ **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course of business.

16

17

18

19

  ☑ **BY ELECTRONIC SERVICE VIA CASE ANYWHERE**: I provided the document(s) listed above electronically to Case Anywhere to be served on the recipients designated on the transaction receipt for this case located on the Case Anywhere website.

20

21

22

    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

23

    Executed on September 19, 2023, at Los Angeles, California.

24

25

26

_____
          Melanie Ocubillo

27

28

Mitchell
Silberberg &
Knupp LLP

15814936.2

7
**DEFENDANTS' ANSWER TO COMPLAINT**

Exhibit 16
Page 109

# EXHIBIT 17

Exhibit 17
Page 110

1  MITCHELL SILBERBERG & KNUPP LLP
   ADAM LEVIN (SBN 156773), axl@msk.com
2  STEPHEN A. ROSSI (SBN 282205), sar@msk.com
   GENEVIEVE L. JAVIDZAD (SBN 336138) glj@msk.com
3  2049 Century Park East, 18th Floor
   Los Angeles, CA  90067-3120
4  Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
5
   Attorneys for Defendants
6  Home Box Office, Inc. and
   Cooler Waters Productions, LLC
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/19/2023 2:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Valenzuela, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10            CENTRAL DISTRICT – SPRING STREET COURTHOUSE

11  PAUL WARD, individually and on behalf of    CASE NO. 23STCV11666
    other persons similarly situated,
12                                              Judge:    Hon. Maren Nelson
               Plaintiff,                       Dept:     17
13
          v.                                    **AMENDED PROOOF OF SERVICE RE**
14                                              **DEFENDANTS HOME BOX OFFICE,**
    HOME BOX OFFICE, INC., a foreign            **INC. AND COOLER WATERS**
15  corporation; COOLER WATERS                  **PRODUCTIONS, LLC'S ANSWER TO**
    PRODUCTIONS, LLC, a foreign limited         **PLAINTIFF'S COMPLAINT**
16  liability company; and DOES 1 through 50,
    inclusive,                                  File Date:   May 22, 2023
17                                              Trial Date:  None Set
               Defendants.
18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

15815754.1

_____
          AMENDED PROOF OF SERVICE RE DEFENDANTS' ANSWER TO COMPLAINT

Exhibit 17
Page 111

1

## <u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

5

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business email address is mmo@msk.com.

6

7

On September 19, 2023, I served a copy of the foregoing document(s) described as **DEFENDANTS HOME BOX OFFICE, INC. AND COOLER WATERS PRODUCTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

8

*Attorneys for Plaintiff Paul Ward*

9

10

11

12

13

Frank H. Kim
fkim@kim-legal.com
KIM LEGAL, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

Helen U. Kim
helen@helenkimlaw.com
HELEN KIM LAW, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

14

15

16

17

18

19

☑ **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course of business.

20

21

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

22

23

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

24

Executed on September 19, 2023, at Los Angeles, California.

25

26

_____
Melanie Ocubillo

27

28

Mitchell
Silberberg &
Knupp LLP

15815754.1

Exhibit 17
Page 112